623 S.E.2d 96

**In the Matter of James T. McBRATNEY, Jr., Respondent.**

**No. 26077.**

Supreme Court of South Carolina.

Submitted Nov. 1, 2005.

Decided Dec. 5, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, of Columbia, for the Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a public reprimand or a definite suspension not to exceed thirty (30) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a thirty (30) day period. The facts, as set forth in the Agreement, are as follows.

## FACTS

### Matter I

In June 1999, Client A retained respondent. Client A had sustained injuries in an automobile accident in July 1998. Although respondent was initially active in handling Client A's case, respondent ceased any work on the matter in October 2000.

During the same period of time, respondent had been retained to represent Client A in regard to a hit and run accident which had occurred in June 1999. Respondent received several telephone calls and written correspondence from Client A's insurance company requesting that respondent provide the company with necessary information to process the claim. Respondent failed to respond to these requests, even after the insurance company informed respondent that it would close its file if respondent did not supply the requested information. Client A was unaware of respondent's lack of diligence in this matter.

In November 2002, respondent notified Client A that he needed to pick up his files for both accident cases. Respondent allowed the statute of limitations to expire on the 1999 case and relatively little progress had been made on the 1998 case since respondent's representation began.

## Matter II

In April 2000, Client B retained respondent to handle a claim of false arrest against a finance company. Respondent signed a written contingency fee agreement on April 13, 2000. Respondent represents that, shortly after signing the retainer agreement, he orally informed Client B that he was withdrawing from representation because Client B's case was not viable. There is no written documentation memorializing respondent's withdrawal.

Client B continued to periodically contact respondent seeking an update on his case. The only written evidence of the termination of the attorney/client relationship is a release signed by Client B in June 2003 which states "I, [Client B], acknowledge receipt of my entire file regarding [Defendant A and Defendant B] and therefore do not hold McBratney Law Firm responsible for this matter." This release was signed well after the expiration of the statute of limitations on Client B's case. Respondent is unable to demonstrate that he appropriately advised Client B of the termination of the representation in a manner that would protect Client B's rights and give reasonable notice to Client B to allow him the opportunity to retain subsequent counsel.

### *Matter III*

In or about January 2001, Client C filed an application with the Resolution of Fee Disputes Board (the Board) requesting a refund of the $20,000 retainer paid to respondent for representation in a criminal case. On July 22, 2002, a Hearing Panel of the Board issued a finding and opinion recommending respondent refund $10,000 of the fee to the client. Respondent appealed this decision to the circuit court.

On appeal of the Board's judgment, the circuit court issued an order dated February 3, 2003, upholding the Board's decision and compelling respondent to tender payment within thirty (30) days of the date of the order. Respondent failed to comply with the circuit court's order.

On March 3, 2003, Client C initiated supplementary proceedings seeking compensation. On June 9, 2003, respondent forwarded a payment in the amount of $5,000 to Client C. On July 1, 2003, respondent submitted final payment of $6,167 to Client C to conclude the matter.

### *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter); Rule 1.5 (lawyer's fee shall be reasonable); Rule 1.15 (lawyer shall promptly deliver funds to which client is entitled to receive); Rule 1.16 (upon termination of representation, lawyer shall protect client's interests, including giving reasonable notice to client to allow for time to retain other counsel, surrendering papers and property which client is entitled to receive, and refunding any advance payment of fee which had not been earned); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); and Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct).[1] Respondent

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order

further admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(10) (it shall be ground for discipline for lawyer to willfully fail to comply with a final decision of the Resolution of Fee Disputes Board).

## CONCLUSION

We accept the Agreement and definitely suspend respondent from the practice of law for a thirty (30) day period.[2] Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur. MOORE, J., not participating.

---

dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

2. ODC's request to appoint an attorney to protect respondent's clients' interests is denied.